## DAVID LAKE *v*. CITY OF ABERDEEN.

1. MUNICIPAL CORPORATION. *Nuisance. Charter. Ordinance.*
   Although the charter of a city empowers the mayor and selectmen, by ordinance, to prevent nuisances and dangerous manufactories, and regulate the latter, they cannot, on a petition of citizens, deal thus with a flouring mill, unless it is shown by the record to fall within some law or general ordinance previously passed.

2. SAME. *Mayor's Court. Appeal. Jurisdiction of Circuit Court.*
   If such charter gives the right of appeal to every party to a cause or prosecution, from the final judgment or sentence of the mayor to the Circuit Court of the county, the latter should not dismiss the appeal from the mayor's judgment condemning such mill as a nuisance.

ERROR to the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

This petition, by James M. Green, U. McAllister, and Unity Hampton, addressed to the mayor and selectmen and filed in the Mayor's Court of the city of Aberdeen, represents that the petitioners own and occupy residences, where they have lived for years, in a part of said city dedicated to residences, and in the principal streets ; that some years ago David Lake leased lots in their vicinity, and built an unsightly structure of inflammable wood, representing that it was to be used for a planing factory, but afterwards attached an engine and fixtures, and has since continued to use it as a grist and flouring mill; that the engine and boiler are old and much worn, and make a great and unusual noise, and are often so threatening that those in charge run for their lives, leaving the machine to its fate ; that the chimneys are low and not provided with spark-catchers, nor are any of the usual safeguards used about the mill, and several times the petitioners'

houses have been set on fire; that Lake has erected another house near the mill, where he stores cotton seed, and, the ground being low and wet, decaying material accumulates about the two buildings; that horses on the streets are frightened, and the lives of persons passing endangered by the machinery, which, with the bad odors and constant peril to health and property, render the mill and other structure a nuisance; and that Lake, having purchased the lots, proposes to enlarge his building and perpetuate the business. The prayer is that the mill be abated, or that Lake erect a proper building and remove the decaying material, and that proper guards be applied against explosions, noise, and fires; or for such other and further relief as the petitioners may be thought entitled to receive. Lake was summoned; and the mayor adjudged the mill a nuisance, ordered the engine and boiler to be repaired, safety walls to be built, and spark-catchers applied to the chimneys, and directed the city marshal to see to the execution of the judgment. Although the charter granted the right to appeal, in the language quoted in the opinion, to any party to a cause or prosecution in the Mayor's Court, the appeal of Lake from that judgment was dismissed by the Circuit Court, and his motion to dismiss the case denied. Hence this writ of error.

*Murphy, Sykes & Bristow*, for the plaintiff in error.

1. While the city authorities may prescribe fire limits, *Alexander* v. *Town Council*, 54 Miss. 659, or assign bounds to a noisome trade, *Green* v. *Lake*, 54 Miss. 540, it is not shown that any restrictions have been put upon flouring and grist mills in Aberdeen, or that Lake's mill is located out of such precincts. Until that fact appears, the mayor has no jurisdiction. Power to prevent and remove nuisances is given to the Council of Mayor and Selectmen, and cannot be delegated to the mayor or any other officer. Acts 1854, pp. 222, 226; *State* v. *Street Commissioner*, 36 N. J. 283. In the absence of general laws of the State or ordinances of the city prescribing what are nuisances, the municipal authorities cannot, by merely declaring a building to be one, subject it to removal. 1 Dillon Mun. Corp. § 308; *Yates* v. *Milwaukee*, 10 Wall. 497; *Underwood* v. *Green*, 42 N. Y. 140.

2. The right of appeal from the mayor to the Circuit Court is secured in all cases by the charter. Acts 1854, pp. 234, § 28. Such right will not be taken away, unless the legislative intent to that effect is very clear. *Starr* v. *Trustees*, 6 Wend. 564; *Tierney* v. *Dodge*, 9 Minn. 166; 1 Dillon Mun. Corp. § 368. The power is jealously maintained, and is deemed necessary to prevent oppression. *Jackson* v. *People*, 9 Mich. 111. For no purpose can the finding of a mayor or other municipal officer affect the final disposition of a matter of this character. *Manhattan Manuf. Co.* v. *Van Keuren*, 23 N. J. Eq. 251; *Weil* v. *Ricord*, 24 N. J. Eq. 169.

*E. O. Sykes*, on the same side, also made an oral argument.

*Reuben Davis*, for the defendant in error, argued the case orally, and filed a brief.

This proceeding was conducted before the mayor of Aberdeen, under an ordinance of the city prescribing the method of abating nuisances, but giving no appeal except to the Council of Mayor and Selectmen. The Mayor's Court is a Justice's Court for the trial of cases usually determined in such tribunals, and from it the charter gives an appeal to the Circuit Court of Monroe County. But this proceeding is of a different class, and before the mayor as a city official, not as a justice of the county. Possessing the constitutional power, the legislature by charter authorized the council to prevent and remove nuisances, which implied the right to determine the means. 1 Dillon Mun. Corp. §§ 58, 59. The council has, in the exercise of its legislative functions, prescribed a mode of procedure, which the State courts cannot control. 2 Dillon Mun. Corp. § 478. One of the chief objects of municipal government is to preserve the health, safety, and comfort of the citizens, and reasonable ordinances or by-laws for such purposes have always been sustained both in this country and in England. 1 Dillon Mun. Corp. § 303. As the proceeding is under a valid ordinance, the remedies provided by that law must be exhausted before resort is had to the general laws of the State. And, even in such case, the mode of correcting an error would be by the common-law writ of *certiorari*, and not by appeal.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error was entitled to an appeal to the Circuit Court from the "final judgment or sentence of the mayor," in the "cause or prosecution" by which his business was condemned as a nuisance ; and his appeal was improperly dismissed by the Circuit Court.

The mayor and selectmen of Aberdeen are vested by its charter with the power, by ordinance, "to regulate and prevent the carrying on of manufactories dangerous in causing or promoting fires," and "to prevent and remove all nuisances." We are not informed by the record how this power has been exercised, and what ordinances on the subject have been passed. The elaborate petition by which this proceeding was commenced contains no allusion to any ordinance of the city. There is in it no averment that the things complained of are a nuisance within any ordinance of the city. The prayer of the petition is that the " steam mill of the said David Lake be declared a nuisance, and that it be taken down and removed, or that he erect a proper building," and do certain other things mentioned ; and the petition concludes with a prayer for "such other and further relief" as the Council of Mayor and Selectmen may think the petitioner entitled to. The petition is addressed "To the Mayor and Selectmen." It appears to be an application to the mayor and selectmen to examine into the matters complained of in the petition, and to declare the mill a nuisance, and to order it removed, or that certain other things mentioned shall be ordered to be done. While the charter confers the power on the municipal authorities of the city to pass ordinances on the subject of nuisances, it does not confer the right to declare that a particular structure or business, not condemned by any law or ordinance, is a nuisance, and to have the structure removed or the business stopped or interfered with. Such a power is not to be tolerated. It would place "all the property in the city at the uncontrolled will of the temporary local authorities." The city may have such ordinances as its charter authorizes, and a structure erected or a business conducted in violation of such ordinance may be dealt with in accordance with the ordinance, but it is not allowable for one or more citizens to exhibit a bill

of complaint, alleging that certain buildings or operations are a nuisance, not within any law or ordinance previously passed and operating on all, but because of certain facts set forth in the petition ; and to procure a decree to abate such alleged nuisance, not as being a violation of a precedent enactment, but by virtue of a decree of the mayor and selectmen that it is so in the given case. The property and pursuits of the citizen are not held by so frail and uncertain a tenure as the mere declaration of a body acquiring temporary control of the affairs of a city or town. There must be a law applicable to the subject, and it must be legally tried and determined whether the law has been violated. If the city of Aberdeen has an ordinance applicable to the case set forth in the petition, and the proceeding was under such ordinance, it should have been made to appear so.

*Judgment reversed and petition dismissed.*